UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERRY BROWN                                                                                       PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:20-CV-063-DPJ-FKB

UNITED STATES OF AMERICA,                                                          DEFENDANTS
DEPARTMENT OF VETERANS AFFAIRS
AND UNITED STATES OF AMERICA,
VETERANS' ADMINISTRATION
MEDICAL CENTER

ORDER

Plaintiff Jerry Brown seeks a three-year preliminary injunction to temporarily stop the United States Department of Veterans' Affairs Medical Center (VAMC) from closing the G.V. (Sonny) Montgomery Dialysis Clinic. His motion arises out of his negligence and medical-malpractice suit against the VAMC and the United States Department of Veterans' Affairs (VA). For the following reasons, the Court denies Brown's motion for a preliminary injunction.

I.      Background

Brown, a former United States Marine, was receiving treatment for kidney cancer at the VAMC when his doctors discovered his cancer had metastasized into his lungs. Records [32-4] at 15. To cover additional treatment needs related to this new diagnosis, he sought a change in the benefits he was receiving from the VA. *Id.* at 11. The VA denied this request based on Brown's medical records, explaining there was "no evidence of record" or "available medical and scientific research" to show a link between the diagnosis and his military service. *Id.* at 9. Brown appealed this decision twice, and after both appeals were denied, he brought negligence and medical-malpractice claims against the United States under the Federal Tort Claims Act. Am. Compl. [5] ¶¶ 20, 21–27.

Meanwhile, Brown has been receiving dialysis treatment at the G.V. (Sonny) Montgomery Dialysis Clinic—the VAMC's dialysis clinic in Jackson, Mississippi. Pl.'s Mot. [43] at 2; VA Letter [43-1]. On March 15, 2021, the Clinic notified its patients that it would be closing the Clinic and transitioning "all patients to community dialysis programs." VA Letter [43-1]. It anticipated this transition would conclude by May 15, 2021. *Id.*

Concerned about the Clinic's alleged lack of "research data, budget data[,]" and treatment information on the new community providers, Brown filed a motion for preliminary injunction [43] to stop the Clinic's closure. Pl.'s Mot. [43] at 4. He asks the Court to prevent the closure for three years "to do research of outside clinics" and ensure they are "not overcrowded, meet the health needs of the Plaintiff beyond his dialysis in case of an emergency[,] and to give the CDC time to provide research that help[s] the medical world." *Id.* Brown's motion has been fully briefed. The Court possesses both personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

"A preliminary injunction functions merely to preserve the status quo until the merits of a claim can be adjudicated." *Middleton-Keirn v. Stone*, 655 F.2d 609, 610 (5th Cir. Sept. Unit B 1981). It is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain this remedy, a plaintiff must demonstrate four requirements:

> (1) [a] substantial likelihood of success on the merits; (2) [a] substantial threat that plaintiff will suffer irreparable injury; (3) [that the] injury outweighs any harm the injunction might cause the defendant[s]; and (4) [that the] injunction is in the public interest.

*Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001).  The plaintiff must satisfy all four factors to obtain relief.  *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621–22 (5th Cir. 1985).

III.     Analysis

The first question is whether Brown has demonstrated a substantial likelihood of success on the merits.  *Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001).  In making this assessment, the Court "look[s] to the standards provided by the substantive law," *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990), and discerns whether the plaintiff will likely prevail "on the merits of his underlying claim," *Walgreen Co.*, 275 F.3d at 477–78.

Here, Brown's underlying claims are for negligence and medical malpractice related to the VAMC's treatment and diagnosis of his lung cancer.  Am. Compl. [5] at 6–7.  Brown's preliminary injunction, however, relates to the VAMC's alleged failure to research and identify adequate community providers for its dialysis patients.  Pl.'s Mot. [43] at 2–3.  The Government therefore says Brown cannot show a substantial likelihood of success on the merits because the preliminary injunction is unrelated to his underlying claims.  Resp. [44] at 3–4.  Brown disagrees, arguing that his motion relates to his complaint because the VAMC's negligence in transitioning patients to community providers "further highlight[s] the pattern of medical malpractice and negligence" that he initially alleged.  Reply [45] at 2.

That is not enough; "district courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to the claims in the complaint." *Bucklew v. St. Clair*, No. 3:18-CV-2117-N (BH), 2019 WL 2251109, at *3 (N.D. Tex. May 15, 2019); *see id.* at *3 n.5 (collecting district court and circuit court cases supporting need for relationship between preliminary injunction and complaint).  The relationship between a request

3

for injunction and the underlying claims "is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally,'" *Amos v. Cain*, No. 4:20-CV-7-DMB-JMV, 2021 WL 1080518, at *8 (N.D. Miss. Mar. 19, 2021) (quoting *Pac. Radiation Oncology, LLC v. Queens' Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015)).  Thus, if a preliminary injunction "deals with a matter lying wholly outside the issues in the suit," the Court may not grant it.  *Power v. Starks*, No. 4:16-CV-00045-DMB-JMV, 2017 WL 2062940, at *1 (N.D. Miss. May 12, 2017).

Brown's preliminary injunction is not sufficiently related to the issues in his complaint. Brown may allege negligence in both his complaint and preliminary-injunction motion, but the factual bases for these allegations are unconnected.  Specifically, in his complaint, Brown focuses on the VAMC's "failure to carry out adequate examination or take an accurate history" and otherwise properly treat, diagnose, or record his lung cancer.  Am. Compl. [5] at 7.  But in his motion, he concentrates on the VAMC's negligence in researching community dialysis providers and transitioning patients to new clinics.  Pl.'s Mot. [43] at 2–3.  Not once does Brown mention the dialysis clinic, his dialysis treatment, or VA program standards in his complaint. Thus, Brown's preliminary injunction involves a matter "wholly unrelated" to his underlying claims.  *Whitaker v. Kempt*, No. 6:19-CV-349, 2021 WL 746038, at *1–2 (E.D. Tex. Jan. 26, 2021) (finding preliminary-injunction motion unrelated when plaintiff alleged difficulties related to the COVID-19 pandemic in his motion, but none of the "wide-variety of claims" in his suit concerned the pandemic).  Without a relationship between the motion and his underlying allegations, the Court cannot grant Brown's injunction.  *Bucklew*, 2019 WL 2251109, at *2.[1]

---

[1] There are times when a court must liberally construe a pro se filing as a motion to amend an existing complaint.  But in this case, the deadline to amend pleadings has passed, Brown has not

Even if Brown's motion related to his complaint, he has not shown a substantial likelihood of success on the merits. He has not shown that the VAMC was negligent in selecting providers or, more specifically, that the provider to whom Brown will be transferred is any less capable of providing services than the VAMC. So too, Brown has not demonstrated that his new provider will be less equipped to protect him from contracting COVID-19, one of Brown's primary concerns. Indeed, the pandemic is in decline as vaccinations increase. While the Court acknowledges Brown's concerns, they are too speculative to grant the extraordinary relief of a preliminary injunction, much less one that lasts three years.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Plaintiff's Petition for Restraining and Preliminary Injunction Orders [43] is denied.

**SO ORDERED AND ADJUDGED** this the 7th day of May, 2021.

> s/ *Daniel P. Jordan III*
> CHIEF UNITED STATES DISTRICT JUDGE

---

moved to amend or extend that deadline, and for the reasons discussed next, a motion to amend based on these submissions would be futile.