UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERRY BROWN                                               PLAINTIFF

V.                                    CIVIL ACTION NO. 3:20-CV-063-DPJ-FKB

UNITED STATES OF AMERICA and                             DEFENDANTS
UNITED STATES OF AMERICA,
VETERANS' ADMINISTRATION
MEDICAL CENTER

ORDER

Plaintiff Jerry Brown, a former United States Marine, says the United States Department
of Veterans' Affairs Medical Center (VAMC) was negligent and committed medical malpractice
in diagnosing and recording his lung cancer.  He brings these claims, pro se, under the Federal
Tort Claims Act against the VAMC and the United States.  Brown now presents three motions:
(1) motion for summary judgment [40]; (2) motion for tampering with witnesses, victims, or
informants [46]; and (3) motion to stay [50].  As explained below, Brown's motions are denied.

I.      Background

Brown was diagnosed with kidney cancer as early as 2010.  Records [32-4] at 15.  He
received treatment for this diagnosis at the VAMC in Jackson, Mississippi.  *Id.* at 16–17.  During
Brown's treatment, doctors found that his kidney cancer had metastasized into his lungs.  *Id.* at
15.  After this finding, Brown requested a change in his VA benefits to cover his additional
treatment needs.  *Id.* at 11.  The VA had previously acknowledged a relationship between
contaminated drinking water at Camp Lejeuene, where Brown served during the relevant
timeframe, and a variety of conditions, including kidney, liver, and bladder cancer.  *Id.* at 9.  But
the VA denied Brown's request for service-connection benefits; its examiner concluded that "the
evidence of record and available medical and scientific research does not demonstrate a link

between [Brown's] claimed Lung cancer and exposure to contaminants in the water supply at Camp Lejeune." *Id.*

When Brown also reviewed his medical records, he, too, saw there was no notation of a lung cancer diagnosis, and, in some cases, the records stated he did not have lung cancer. Am. Compl. [5] ¶¶ 11, 17, 19. Believing those omissions and others were the result of negligence, Brown brought this suit against the United States and the VAMC, alleging negligence and medical malpractice. *Id.* ¶¶ 20, 21–27.

Meanwhile, as Brown was litigating this suit, he was also receiving dialysis treatment through the VAMC at the G.V. (Sonny) Montgomery Dialysis Clinic in Jackson, Mississippi. Pl.'s Mot. [43] at 2; VA Letter [43-1]. Around March 2021, the Clinic decided to close and transition its dialysis patients to community dialysis programs. *Id.* Brown was concerned about this transition and moved for a preliminary injunction to stop the Clinic's closure for three years. Pl.'s Mot. [43] at 4. According to him, the Clinic needed the time "to do research of outside clinics" and ensure the community providers were "not overcrowded, me[t] the health needs of the Plaintiff beyond his dialysis in case of an emergency[,] and to give the CDC time to provide research that help[s] the medical world." *Id.* The Court denied Brown's motion for a preliminary injunction.

Brown's most recent motions relate to his efforts to obtain a preliminary injunction and his negligence and medical-malpractice claims. All three motions have been fully briefed, and the Court has both subject-matter and personal jurisdiction.

II.     Summary-Judgment Motion [40]

    A.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals "no genuine dispute regarding any material fact and that the movant is entitled to judgment as a matter of law."  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A showing is insufficient if no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves*, 530 U.S. at 150.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick*

*James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

      B.      Analysis

      Brown says he is entitled to summary judgment because the VAMC was negligent and committed medical malpractice as a matter of law when it allegedly failed to diagnose his lung cancer and properly record this diagnosis in his medical records.  Pl.'s Mot. [40] at 2.  While Brown advances two separate claims—medical malpractice and negligence—the claims appear to overlap, as Brown alleges both causes of action are based on the VAMC's alleged negligence in diagnosing and recording his lung cancer.  *Id.* at 1–2; Am. Compl. [5] at 6–7.  The Court will therefore address the claim as a medical-malpractice, or medical-negligence, claim.  *See Sheffield v. Goodwin*, 740 So. 2d 854, 856 (Miss. 1999) (showing medical negligence and medical malpractice are the same).[1]

      "Under the Federal Tort Claims Act, liability for medical malpractice is controlled by state law, the law of Mississippi in this case."  *Chickaway v. United States*, 990 F. Supp. 2d 650, 674 (S.D. Miss. 2013); *see also* 28 U.S.C. § 1346(b).  To prove medical malpractice in Mississippi, Brown

      must prove "that (1) the defendant had a duty to conform to a specific standard of
      conduct for the protection of others against an unreasonable risk of injury; (2) the

---

[1] Brown also asks in his summary-judgment motion that "28 U.S.C. [§] 535(b) be imposed in this court proceeding."  Pl.'s Mot. [40] at 1.  Section 535(b) states

      Any information, allegation, matter, or complaint witnessed, discovered, or received *in a department or agency of the executive branch* of the Government relating to violations of Federal criminal law involving Government officers and employees shall be expeditiously reported to the Attorney General by the head of the department or agency, or the witness, discoverer, or recipient, as appropriate . . . .

(Emphasis added).  The Court cannot grant this request because § 535(b) refers to "a department or agency of the executive branch," *id.*, not the judicial branch.

defendant failed to conform to that required standard; (3) the defendant's breach of duty was a proximate cause of the plaintiff's injury, and; (4) the plaintiff was injured as a result."

*McDonald v. Mem'l Hosp. at Gulfport*, 8 So. 3d 175, 180 (Miss. 2009) (quoting *Delta Reg'l Med. Ctr. v. Venton*, 964 So.2d 500, 504 (Miss. 2007)).  Further, unless "a layman [could] observe and understand the negligence as a matter of common sense and practical experience," expert testimony is generally required to establish negligence.  *Smith v. Gilmore Mem'l Hosp.*, 952 So.2d 177, 180–81 (Miss. 2007) (quoting *Coleman v. Rice*, 706 So. 2d 696, 698 (Miss. 1997)).

Brown cites two records as showing the VAMC committed medical malpractice.  The first is his May 26, 2020 visit record where one of his exams showed his lung tumor was "suggestive of recurrent malignancy."  Records [40-1] at 7.  And the second is a record that shows the metastasized tumor has had "clear progression in [his] lungs" over the past six months.  Records [40-2] at 2.  With these records, it seems Brown attempts to show that his lung cancer existed and continued to worsen despite no recorded diagnosis.  The VAMC argues in response that it did not fail to diagnose Brown's lung cancer because he does not have lung cancer, but, rather, has kidney cancer that metastasized into his lungs.  Resp. [41] at 2.

Even assuming Brown is correct that he has lung cancer and the VAMC should have diagnosed or recorded it, to be entitled to summary judgment, Brown still needs to marshal evidence—like medical expert testimony—that shows the VAMC breached the standard of care and that the lung cancer progressed because of the VAMC's diagnostic or recording mistakes.  *See Miss. Baptist Med. Ctr., Inc. v. Phelps*, 254 So. 3d 843, 845 (Miss. 2018) (explaining "[e]xpert testimony is essential in medical malpractice cases" to show "how the required standard of care was disregarded" and that "defendant's 'failure was the proximate cause . . . of

5

the injury'" (quoting *Vicksburg Healthcare LLC v. Dees*, 152 So. 3d 1171, 1174 (Miss. 2014))).

While it appears that Brown has retained an expert, no expert opinions appear in the summary-

judgment record.  *See* Notice of Expert Designation [53].

Generally, breach of duty and causation are questions of fact that must be decided at trial.

To decide a question of fact on summary judgment, the movant—in this case Brown—"bears the

initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact."

*Celotex Corp.*, 477 U.S. at 323.  Brown has not met that initial burden, so his summary-judgment

motion is denied.

III.     Motion for Tampering with Witnesses, Victims, or Informants [46]

Brown's next motion seeks sanctions and claims that the VAMC interfered with

witnesses related to his then-pending preliminary-injunction motion.  Pl.'s Mot. [46] at 1.  He

says the VAMC talked to his witnesses' families in violation of the Health Insurance Portability

and Accountability Act (HIPAA), coerced his witnesses and their families "to make a decision in

favor of the dialysis closure transaction," and intimidated them.  *Id.*  He also says the VAMC

"attempt[ed] to draw the Plaintiff's blood without the plaintiff['s] consent on two occasion[s]

when there [was] an [i]njunction pending."  *Id.*  He believes his blood was drawn in retaliation

for seeking a preliminary injunction.  Reply [49] at 2.

Based on this alleged conduct, Brown states that he "bring[s] [a] claim under 18 U.S.[C.

§] 1512b(1), d(1), and g(1)(2)" and "ask[s] the court to admonish the Defendants for

[i]ntimidation, improper influence[,] and coercion of Plaintiff's witnesses" and order "that

defendants have no contact with the plaintiff[']s witnesses or their family until the [C]ourt

rule[s]" on his motion.  Pl.'s Mot. [46] at 1.

Beginning with Brown's § 1512 "claims," his current complaint includes no such causes of action, and he has not moved to amend his complaint to add them.  Even assuming he had moved to amend to add new claims, they would fail for a variety of reasons.  For example, § 1512 criminalizes tampering with witnesses, victims, or informants.  18 U.S.C. § 1512.  But as a private citizen, Brown "cannot effect a criminal prosecution through civil litigation.  Private citizens do 'not have a constitutional right to compel a criminal prosecution." *Warner v. Ledbetter*, No. 3:18-CV-190-TSL-RHW, 2018 WL 3147473, at *2 n.2 (S.D. Miss. May 9, 2018) (quoting *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010)).

Also, the only way Brown could bring claims under § 1512 would be if the statute allowed for a private right of action; § 1512 does not.  *Wooden v. Landry*, No. 19-690, 2020 WL 7344609, at *2 n.21 (M.D. La. Nov. 3, 2020) (stating pro se plaintiff does not have a private right of action under § 1512).  So, to the extent Brown attempts to bring any claims under § 1512, his motion is denied.

That said, a party can move for an injunction and sanctions based on witness tampering.  Liberally construed, that is probably what Brown intended to seek in his motion since he asked the Court to admonish the VAMC and require that it have no contact with his witnesses while his preliminary-injunction motion was pending.  But if that is the relief he seeks, then the motion is moot because the Court has ruled on the preliminary-injunction motion.

And even if the motion was not moot, Brown's request would have been denied anyway.  "The Court is vested with the inherent power to sanction parties and their attorneys for conduct that abuses the judicial process."  *Shavers v. Shavers*, No. 1:00-CV-522-DCB, 2007 WL 312705, at *9 (S.D. Miss. Jan. 30, 2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991)).  The Court may exercise this power when parties and their attorneys have "acted in bad faith,

vexatiously, wantonly, or for oppressive reasons" and other mechanisms do not reach such abuses. *Chambers*, 501 U.S. at 45–46. But to do so, "the Court must make a 'specific finding of bad faith.'" *Eaves v. K-Mart Corp.*, 193 F. Supp. 2d 887, 895 (S.D. Miss. 2001) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999)).

"When invoked, the moving party bears the burden to justify the exercise of the Court's inherent power to sanction." *Michael v. Boutwell*, 138 F. Supp. 3d 761, 784–85 (N.D. Miss. 2015). To do so, the movant must present evidence sufficient to make a "specific finding of bad faith." *Goldin*, 166 F.3d at 722; *see, e.g.*, *Castillo v. Hernandez*, No. 10-CV-247-KC, 2011 WL 1528762, at *9 (W.D. Tex. Apr. 20, 2011) (denying motion for sanctions for tampering where plaintiffs failed to present evidence of "malfeasance so serious to justify the exercise of the Court's inherent power to sanction").

Here, Brown presents no *evidence* showing the VAMC contacted, interfered with, or otherwise retaliated against witnesses or against Brown. Brown does attempt to explain the lack of evidence, stating that he provided no witness names because he did not want to expose those individuals to harassment or retaliation. Reply [49] at 2. But that leaves only his own conclusory statements about the VAMC's conduct. More is required to find bad faith and impose sanctions. *See Michael*, 138 F. Supp. 3d at 784–85 (issuing sanctions when record demonstrated verbal confrontation with a witness). Accordingly, Brown's request to admonish the VAMC and order that it have no contact with his witnesses is denied.[2]

---

[2] Brown's Reply mostly relitigates his prior motions and complains about the VAMC's arguments to date. While the Court understands that Brown disagrees with the VAMC's positions, all litigation involves disagreements; his arguments fail to show that the VAMC interfered with witnesses or otherwise acted in bad faith.

IV.     Motion to Stay

Finally, Brown brings a motion to stay [50], in which he says the Court should stay its

May 7, 2021 Order denying a preliminary injunction pending appeal to the Fifth Circuit Court of

Appeals.  Pl.'s Mot. [50].  Federal Rule of Appellate Procedure 8(a) allows such relief, but

Brown never pursued an interlocutory appeal in the three months following the Court's Order.

Accordingly, his motion appears to be moot.  And even if not moot, his motion for preliminary

injunction was denied.  Granting his motion to stay would, therefore, have no effect because

there is nothing changing the status quo.  Order [48].

Nevertheless, the substance of Brown's motion challenges the validity of the Court's

prior order.  Pl.'s Mot. [50] at 1–2.  The Court, therefore, liberally construes his motion to stay as

one for reconsideration.

The first question is which rule applies.  If an order denying preliminary injunction is

viewed as a *final* order, then Federal Rule of Civil Procedure 59(e) applies because Brown's

motion was filed within 28 days of the disputed Order.  *See Shepherd v. Int'l Paper Co.*, 372

F.3d 326, 328 n.1 (5th Cir. 2004) (noting that motions for reconsideration filed within 28 days of

the court's order are considered motions to alter or amend under Rule 59(e)).

But because the Court's Order did not resolve the dispute, it is more likely an

interlocutory order.  *Cf. Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Rule

54(b) allows parties to seek reconsideration of interlocutory orders . . . ."); *Johnson v. Thayler*,

421 F. App'x 431, 431 (5th Cir. 2011) (noting that preliminary injunctions are "[i]nterlocutory

orders").  As such, "the court should . . . analyze[] the motion for reconsideration under Rule

54(b) instead of Rule 59(e), which applies to final judgments."  *Cabral v. Brennan*, 853 F.3d

763, 766 (5th Cir. 2017).

"Whether to grant [a Rule 54(b) motion] is a matter left to the trial court's discretion." *Davis v. Hinds County*, No. 3:16-CV-674-DPJ-FKB, 2018 WL 2014694, at *5 (S.D. Miss. Apr. 30, 2018) (citing *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014)). Thus, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

Brown says the Order was misleading, not supported by evidence, speculative, and failed to respond to all his arguments. Pl.'s Mot. [50] 1–2. First, Brown says the Order is misleading because it failed to include all the parties in the heading. This alone is not enough to change the results. "Reconsideration of judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Even assuming Brown is correct, and the Order did not list all parties, a mistake in the caption does not alter the Court's findings.

Second, he argues that the Order is unsupported by evidence. He asserts that because the VAMC did not submit evidence demonstrating an increase in COVID vaccination rates, the Court's reference to an increase violated due process. Pl.'s Mot. [50] at 2. While Brown is correct that the VAMC did not present evidence showing an increase in COVID vaccination rates, the Court may take judicial notice of facts that are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is both well-known in the jurisdiction and easily verifiable that vaccination rates were increasing when the Court denied Brown's preliminary-injunction motion. Brown's motion cannot be granted on this basis.

Brown says next that the Order is speculative because the VAMC failed to provide sufficient evidence.  Pl.'s Mot. [50] at 2.  To obtain a preliminary injunction, a plaintiff must demonstrate that there is

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) the threatened injury to plaintiff must outweigh the threatened harm the injunction may do to defendant, and (4) granting the preliminary injunction will not disserve the public interest.

*Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. Unit B Feb. 1981). Importantly, "[t]he *plaintiff* bears the burden of persuasion on all four factors in order to be entitled to the extraordinary relief of a preliminary injunction."  *Id.* (emphasis added).  Because Brown had the burden of persuasion, it does not matter whether the VAMC presented any evidence.  Accordingly, the Court did not speculate and did not err when it denied Brown's motion.

Finally, Brown says the Court failed to address his constitutional rights.  This assertion refers to Brown's arguments in his preliminary-injunction motion that the VAMC violated due process and the Eighth Amendment.  Pl.'s Mot. [43] at 1, 3.  While the Court considered these arguments, Order [48] at 5, it did not directly discuss their merits because Brown's preliminary-injunction request involved a "matter lying wholly outside the issues in the suit," and that alone justified denying Brown's motion, *Power v. Starks*, No. 4:16-CV-00045-DMB-JMV, 2017 WL 2062940, at *1 (N.D. Miss. May 12, 2017).  Indeed, the Court could not grant him a preliminary injunction, even if the VAMC violated his constitutional rights, because the conduct alleged in his motion was unrelated to his underlying complaint.  *See Bucklew v. St. Clair*, No. 3:18-CV-2117, 2019 WL 2251109, at *3 (N.D. Tex. May 15, 2019) ("[D]istrict courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to

the claims in the complaint.").  The Court therefore did not err by not addressing Brown's

constitutional arguments directly.  Brown has not demonstrated that his motion to stay [50],

construed as a motion for reconsideration, should be granted; it is therefore denied.[3]

V.      Conclusion

        The Court has considered all arguments.  Those not addressed would not have changed

the outcome.  For the foregoing reasons, Plaintiff's motion for summary judgment [40], motion

for tampering with witnesses, victims, or informants [46], and motion to stay [50] are all denied.

        **SO ORDERED AND ADJUDGED** this the 23rd day of August, 2021.

                                                s/ *Daniel P. Jordan III*
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In his Reply, Brown also asks the Court to strike the VAMC's response because it contains "misleading, subjective statements, violate[s] the best evidence rule[,] and refer[s] only [to] an opinion and lack[s] evidence that support[s] the defense by the defendants."  Reply [52] at 2. That request violates Local Uniform Civil Rule 7(b) because Brown raised it in a reply brief rather than a separate motion.  Regardless, "motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike," as they are outside the Federal Rules of Civil Procedure's definition of "pleading."  *Whitaker v. Whitaker*, No. 3:14-CV-100-SA-SAA, 2015 WL 3744184, at *2 (N.D. Miss. June 15, 2015) (citing 2 James W. Moore, et al., *Moore's Federal Practice* § 12.37[2] (3d ed. 2007)); *accord* Fed. R. Civ. P. 7(a)(1–7).  There are exceptions to this rule, but they do not apply.